# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, vs. JESUS ENRIQUE SANCHEZ VAZQUEZ, Defendant. | CASE NO. 18cr3560-LAB<br><br>**ORDER PERMITTING OPPORTUNITY TO SHOW GOOD CAUSE OR EXCUSABLE NEGLECT** |
|---|---|

On April 22, 2019, this Court sentenced Defendant Jesus Enrique Sanchez Vazquez to 71 months imprisonment for importation of methamphetamine. The Court entered judgment two days later. Defendant filed an untimely notice of appeal on May 14, 2019, more than fourteen days after judgment was entered. *See* Fed. R. App. Proc. 4(b)(1)(a)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed."). Because his appeal was untimely, the Ninth Circuit's Appellate Commissioner remanded the case "for the limited purpose of permitting the district court to provide appellant notice and an opportunity to request that the time for filing the notice of appeal be extended . . . upon a finding of excusable neglect or good cause." Dkt. 42 at 2. The Court was reluctant to either affirmatively or implicitly advise the Defendant that he had a right to appeal because the Defendant had voluntarily waived the right to appeal or to collaterally attack his sentence as part of his plea agreement with the government. *See United States v. Buchanan*, 59 F.3d

914, 917-18 (9th Cir. 1995) (waiver of appeal unenforceable when district court advises defendant, without qualification, that he has the right to appeal even though it was waived in plea agreement). While the Court is aware that even the broadest appeal waiver doesn't deprive a defendant of all appellate claims, *see Garza v. Idaho*, __ U.S. __, 139 S. Ct. 738, 744-45 (2019), the specific challenges the Defendant raised in his late-filed notice of appeal plainly fell within the scope of the valid and enforceable appeal waiver he had signed. For that reason, the Court declined the Appellate Commissioner's suggestion to provide the Defendant notice and an opportunity to file a late appeal.

A Ninth Circuit panel has now remanded the case, and has instructed this Court to provide the Defendant with an opportunity to show excusable neglect for his delay in filing a notice of appeal. The Court must follow remand instructions from a superior court composed of Article III judges. Accordingly, no later than **February 17, 2020**, the Defendant must file with this Court a memorandum of points and authorities, not to exceed 10 pages, explaining why his failure to timely file an appeal was the result of excusable neglect or good cause.

To be clear, this Order is not to be construed as a finding that the Defendant has a right to appeal. *See Buchanan*, 59 F.3d at 917-18. This Court is *not* authorizing an appeal or suggesting in any way that the Defendant retains the right to appeal. As set out in in detail in its May 28, 2019 Order, the Court believes the Defendant has waived any right to challenge the sentence imposed. That said, this Order complies with the Ninth Circuit's directive to permit the Defendant an opportunity to demonstrate excusable neglect or good cause for his late filing of a notice of appeal.

**IT IS SO ORDERED**.

Dated: December 18, 2019

*[signature: Larry A. Burns]*

**H**ONORABLE **L**ARRY **A**LAN **B**URNS
Chief United States District Judge